NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-903

ROBERT LOVEJOY, petitioner.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Robert Lovejoy filed a petition under G. L. c. 123A, § 9, seeking to be discharged from his civil commitment to the Massachusetts Treatment Center (MTC) as a sexually dangerous person.  His commitment was continued, however, after a Superior Court jury found that he remained sexually dangerous.  The petitioner appeals, arguing that the evidence was insufficient to support the jury's verdict.  We affirm.

In 1987 a five year old child with disabilities told his mother that he did not want to go to school because the petitioner, the bus driver, was constantly putting his hands in the boy's pants and playing with his "private parts."  The petitioner was convicted of three counts of indecent assault and battery on a child under fourteen for this conduct.  While on probation for those convictions, the petitioner sexually

assaulted his three year old stepdaughter. The girl reported that the petitioner put his "dickie" inside her "butterfly," put his penis in her mouth, and made her "jump up and down on his dickie." The petitioner admitted to police that he sexually assaulted the girl and later pleaded guilty to rape of a child with force and indecent assault and battery on a child under fourteen.

In 2009 the petitioner was civilly committed to the MTC as a sexually dangerous person. In 2019 he filed the underlying petition for examination and discharge, alleging that he was no longer sexually dangerous. A jury trial was held, at the conclusion of which the jury returned a verdict that the Commonwealth met its burden of proving that the petitioner "is a sexually dangerous person today." The petitioner was then returned to his confinement at the MTC.

The petitioner's sole argument on appeal is that the trial judge erred in denying his motions for a directed verdict, made at the close of the Commonwealth's case and again at the close of all the evidence. In assessing his argument, we "view[] the evidence (and all permissible inferences) in the light most favorable to the Commonwealth" to determine whether "any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of sexual dangerousness as defined by G. L. c. 123A, § 1" (citation omitted). Souza, petitioner,

2

87 Mass. App. Ct. 162, 169 (2015). As relevant here, G. L. c. 123A, § 1, required the Commonwealth to prove that the petitioner was "previously adjudicated" a sexually dangerous person, that his "misconduct in sexual matters indicates a general lack of power to control his sexual impulses, as evidenced by repetitive or compulsive sexual misconduct by either violence against any victim, or aggression against any victim under the age of 16 years," and that "as a result, [he] is likely to attack or otherwise inflict injury on such victims because of his uncontrolled or uncontrollable desires."

The Commonwealth met its burden of proving these elements. The parties stipulated that the petitioner was previously adjudicated a sexually dangerous person, and the evidence at trial was sufficient to show that he continued to meet that definition. The Commonwealth presented the testimony of two qualified examiners and a psychologist member of the Community Access Board (CAB), each of whom opined that the petitioner remained sexually dangerous. All three testified that the petitioner met the criteria for pedophilic disorder, sexual sadism disorder, and antisocial personality disorder. They also agreed that the petitioner was unable to control his sexual impulses, as evidenced by the repetitive and compulsive nature of his offending. One of the qualified examiners testified that the petitioner admitted to her that he has sixty-one

3

prepubescent victims in addition to the victims of the crimes of which he was convicted. Similarly, the petitioner admitted during his CAB evaluation that he has sixty-three victims. And in the past, the petitioner reported having as many as 150 victims.

Although past misconduct alone is inadequate to support a present finding of sexual dangerousness, see Dutil, petitioner, 437 Mass. 9, 16 (2002), the Commonwealth was not required to prove recent sexual misconduct to meet its burden, as the petitioner appears to argue. "Examples of recent conduct showing sexual dangerousness may often be lacking where the individual's dangerous disposition is of a sort that there will be no occasion for that disposition to manifest itself in a secure environment." Hill, petitioner, 422 Mass. 147, 157, cert. denied, 519 U.S. 867 (1996). The Commonwealth may therefore prove its case through evidence that "extrapolate[s] from earlier incidents which . . . did show dangerousness . . . to the present by considering whether as a general matter this type of dangerous disposition has a tendency to persist." Id. The Commonwealth presented such evidence here. Its experts testified that the repetitive nature of the petitioner's offending showed sexual compulsion; that he attended treatment inconsistently, sometimes withdrawing for long periods of time; that he failed to make meaningful progress in treatment; and

4

that he continued to exhibit antisocial behavior, including lying and manipulation, while confined at the MTC. Based on these factors, among others, all three experts concluded that the petitioner was currently unable to control his sexual impulses and that he was likely to commit a future sex offense if released into the community. This testimony was sufficient to prove that the petitioner was still sexually dangerous. See Souza, petitioner, 87 Mass. App. Ct. at 169-172; Commonwealth v. Bradway, 62 Mass. App. Ct. 280, 290-291 (2004).

The testimony of the petitioner's expert did not render the Commonwealth's proof insufficient. Although this expert opined that the petitioner was not likely to reoffend if released, the jury were not required to credit his opinion. See Commonwealth v. Sargent, 449 Mass. 576, 583 (2007), quoting Bradway, 62 Mass. App. Ct. at 291 ("Weighing and crediting the testimony of witnesses during proceedings under G. L. c. 123A 'are for the trier of fact, and we will not substitute our judgment for that of the trier of fact'"). Rather, viewing the evidence in the light most favorable to the Commonwealth, a rational juror could

have found beyond a reasonable doubt that the petitioner remained a sexually dangerous person.

                    Judgment affirmed.

                    By the Court (Rubin, Shin & Hodgens, JJ.[1]),

                    *Paul Little*

                    Clerk

Entered:  February 12, 2025.

---

[1] The panelists are listed in order of seniority.